WHITAKER, ALEXANDER & BROS. v. A. BLEDSOE.

1. Plaintiff sued the defendants on their note for $1000, dated November 24, 1866. Defendants admitted their execution of the note, but set up a written contract of partnership between themselves and the plaintiff, of the same date, and in which it was stated that the defendants had given to plaintiff their note for $1000, which he was to furnish in the adventure; and defendants alleged that the note sued on was the same note

thus referred to in the contemporaneous contract, and that the partnership business resulted in a heavy loss, for half of which they reconvened against the plaintiff. *Held*, that the legal effect and proper construction of the two instruments were matters for the determination of the court, and should not have been submitted to the jury; and though the contract is vague as to the terms of the partnership, yet the law must supply by implication what the rights and liabilities of the parties are.

2. The contract being one of partnership, and involving numerous matters of account set up by the defendants, an auditor should have been appointed, as prayed for by the defendants.

ERROR from Falls. Tried below before the Hon. A. J. Evans.

The rulings in this case are not of such a character as to require a more specific statement of the facts than that indicated in the opinion and the head notes.

*T. P. Aycock*, for the plaintiffs in error.

A manuscript argument was filed for the defendant in error, but the authors of it were too modest to append to it their names.

WALKER, J.—This was an action brought on a promissory note calling for one thousand dollars, given by Whitaker, Alexander & Bros., to Aaron Bledsoe. In defense to the action, defendants set out a contract signed by Aaron Bledsoe and themselves, which shows that on the same day the note was dated, to-wit., the 24th day of November, 1866, the parties entered into a partnership arrangement for the purchase and sale of bois d'arc seed.

The legal effect and proper construction of this contract were matters for the court to determine; they should not have been left to the jury. It conclusively showed a partnership between the parties. The plaintiff had put one thousand dollars, and the defendants five hundred dollars into the business. The defendants, it would appear, were to manage the business. The contract is very vague, and does not state the terms of partnership with any degree.

·of clearness, and the law must supply by implication what the rights and liabilities of the parties were.

The question was one of partnership, and should have been referred to an auditor to state an account between the parties, and report the same to the court. It should not have been left to the jury to determine what the legal effect of the note and contract, taken together, was. .The charge of the court to the jury did not place the questions fairly before them, which were submitted upon the pleadings.

For the errors pointed out the judgment of the district court is reversed and the cause remanded, to be proceeded in in accordance with this opinion.

Reversed and remanded.