JOHN BAILEY ET AL. V. J. D. KNIGHT.

(No. 3829.)

APPEAL from Wood County.    Opinion by WHITE, P. J.

CATE & TEAGARDEN, counsel for appellant.

M. D. CARLOCK, counsel for appellee.

§ 274. *Contract; waiver of condition precedent in; case stated.* This suit originated in the justice court, and was brought upon an account of J. D. Knight *et al.* against the Smyrna Milling Company for $289.89, being the balance due on a contract in writing for the sawing of one hundred and forty-four thousand nine hundred and forty-seven feet of lumber at $2 per thousand feet. In the justice court the defendant, the Smyrna Milling Company, recovered a judgment for costs, and the case was appealed to the county court, in which court it was tried by the judge without the intervention of a jury, and he rendered judgment in favor of the plaintiffs, Knight *et al.*, for $65.86 and costs of suit, filing his conclusions of law and fact upon which the judgment was based. From that judgment this appeal is taken.

As presented to us, the record is in a confused and unsatisfactory condition, but we are of opinion that the court erred in concluding as a matter of law that, because the plaintiff cut one hundred and forty-five thousand one hundred and forty-seven feet of lumber under the contract, the defendants became liable to pay for same at contract rates, in the absence of any evidence of the fact that plaintiffs cut all of said lumber, or that defendants actually received the same from the plaintiffs. Under the evidence, it was not necessary for the plaintiffs to show that they had both cut and stacked the lumber, as conditions precedent to the liability of defendants, because defendants had their agent present at the

mill a greater portion of the time, and this agent, acting for them, received the lumber as cut, without requiring the plaintiffs to stack it, thereby waiving the condition to stack as stipulated for in the contract. But it appears that a good portion of the lumber claimed to have been sawed and cut by plaintiffs was cut subsequent to the time that the last agent of the defendants left their employment at the mill, and when in fact defendants had no agent there. It is in regard to this portion of the lumber that the evidence is most unsatisfactory. We are further of opinion that the court erred in finding as matter of fact that an item attached to defendants' pleading, to wit: "Credited by hauling, $77.79," was intended for the benefit of plaintiffs, because it appears that such was not the intention of defendants, and because it further appears that plaintiffs never did any hauling for defendants, and were not entitled to such credits. For the errors above pointed out, the judgment is reversed and the cause remanded for another trial.

§ **275.** *Auditor; should be appointed when.* With a view to another trial, in the condition in which the accounts between these parties and the record are presented to us, we would suggest that perhaps it would facilitate a settlement of the controversy, as well as make the true merits of the case much more intelligible, if the court would appoint an auditor to state the account between these parties. It is provided by statute that whenever upon any suit it shall appear that an investigation of accounts or examination of vouchers is necessary for the purpose of justice between the parties, the court shall appoint an auditor to determine the state of accounts between the parties, and make a report thereof to the court as soon as may be. [R. S., art. 1471.] Our supreme court has held that an auditor should be appointed in a suit involving unusual matters of account. [Whitaker v. Bledsoe, 34 Tex. 401.]

December 22, 1891.    Reversed and remanded.