**Roy W. LOWE et ux., Appellants,**

v.

**CITY OF ARLINGTON, Appellee.**

**No. 17232.**

Court of Civil Appeals of Texas, Fort Worth.

June 18, 1971.

Rehearing Denied Sept. 10, 1971.

McKool, McKool, Jones, Shoemaker & Turley, and Bill Jones and Eddie Vassallo, Jr., Dallas, for appellants.

Stanley E. Wilkes, Jr., City Atty., and Joel V. Roberts, Asst. City Atty., Arlington, for appellee.

OPINION

LANGDON, Justice.

This is the second appeal by the landowners, Roy W. Lowe et ux., in the same eminent domain suit instituted by the plaintiff, City of Arlington. The first appeal was reported in the case of Lowe v. City of Arlington, 453 S.W.2d 379 (Fort Worth Civ.App., 1970, ref., n. r. e.). The former appeal was from a judgment rendered by the same court on September 12, 1969, in response to plaintiff's motion filed July 15, 1969, to dismiss the defendants' objections to the award of the special commissioners and to render a judgment causing said award to be made the judgment of the court because the appeal from such award had

been abandoned. The previous judgment of September 12, 1969, was reversed and the cause remanded because shortly before a hearing of the cause the court permitted the attorneys for appellants, Roy W. Lowe et ux., to withdraw from the case and appellants were thereby denied time in which to secure additional counsel who would have a reasonable time in which to prepare for such hearing.

The present appeal is from a judgment in the same eminent domain suit rendered on January 15, 1971, in response to a second motion of the plaintiff, City of Arlington, filed on November 18, 1970, and set for hearing on December 18, 1970, requesting the court to enter an order dismissing the defendants' objections to the award of the commissioners and causing said award of the commissioners to be made the judgment of the court.

The defendants, Roy W. Lowe et ux., the appellants herein, filed their answer to the plaintiff's Motion for Judgment and filed a motion to dismiss the case on the grounds that the City of Arlington had taken no action in the cause until filing its original motion for judgment on July 15, 1969. In their motion to dismiss, the defendants, among other things, contend that legal title to the property is still vested in them. That by their refusal to withdraw the money awarded by the commissioners they have maintained their right to contest the taking of their land. Defendants further assert that they have remained in possession of the land at all times and are still in possession and that they have continued to pay the taxes on such land and to use same. Defendants further assert that the plaintiff has failed to take possession of the property, to fence it or to obtain a writ of possession.

At the time of the hearing set for 9:00 A.M. on December 18, 1970, the landowners requested the court to permit them to present testimony to explain their delay in bringing the case to trial and to show due diligence on their part in connection there-

with and that they had not abandoned their appeal from the award of the commissioners. The trial court refused the landowners' request to bring witnesses into the court to testify as to the facts surrounding the case and testimony pertinent to the motions set for hearings. No testimony was permitted by the court. Further, the court refused to allow the landowners to have a court reporter to report the proceedings which transpired at the hearing.

Because of the court's refusal to permit testimony or to allow a court reporter to report the proceedings there is no statement of facts before this Court. However, the trial court's action in the above respects is undisputed according to the briefs filed on behalf of the parties to this cause and the arguments which were made at the time the cause was submitted.

The appellee, City of Arlington, in defense of the action of the trial court argues that the court did not err when it refused to hear evidence on the allegations contained in defendants' pleadings since the alleged reasons for delay in prosecution of the case were not sufficient even if proven. We are not in agreement with this position. In our opinion the allegations contained in the pleadings of the defendants were sufficient. It was an abuse of discretion on the part of the trial court to refuse permission to present testimony and to provide a court reporter to transcribe the proceedings.

In the case of Denton County v. Brammer, 361 S.W.2d 198 (1962) the Supreme Court of Texas held that the mere lapse of time between the filing of objections and the trial did not operate as an abandonment by Brammer of his objections and exceptions to the award. Further, that the circumstances of the cause raised a conclusive presumption of abandonment by Brammer of his objections and since such circumstances were wholly unexplained there was an abuse of judicial discretion on the part of the trial court in overruling Denton County's motion to dismiss.

In Brammer the landowner made no request of the trial judge to hear evidence on the reason for his delay. Brammer withdrew the deposited award. In Brammer there was a delay of seven years in having citation issued and served on the County and a delay of five years in having the case set for trial after withdrawal of the deposited award.

In the case at bar the landowners have not withdrawn the deposited award. They did request the trial judge to hear evidence on their reason for delay. They did request a court reporter.

We are of the opinion that the dissenting opinion by Chief Justice Calvert in Brammer controls the facts of this cause and portions of that dissenting opinion are set forth in the next following paragraphs.

"Our latest expression on the subject of discontinuance or abandonment is found in Bevil v. Johnson, 157 Tex. 621, 307 S.W.2d 85. In that case we reaffirmed the power of a trial court to dismiss a legal proceeding because of failure to prosecute it with due diligence, and said:

" 'The matter rests in the sound discretion of the trial court. It is not an unbridled discretion, but a judicial discretion subject to review. Upon review, the question is whether there was a clear abuse of discretion by the trial court. That is a question of law.' (307 S.W.2d 87)

"Before an appellate court can decide the law question of whether there has been a clear abuse of discretion by a trial court, the record before that court must have been such as to call for the exercise of discretion and it must have been exercised. This is made clear by our decision in Callahan v. Staples, 139 Tex. 8, 161 S.W.2d 489, from which the majority quote. The rule there announced is that 'whenever a delay of an unreasonable duration occurs, such delay, if not sufficiently explained, will raise a conclusive presumption of abandonment * * *, and a discontinuance results.' That is but another way of saying that unreasonable delay in prosecuting a legal proceeding as to which one has the duty of action raises a rebuttable presumption of abandonment, and in the absence of evidence of facts and circumstances excusing the delay the presumption will become conclusive and a discontinuance will result. A conclusive presumption cannot be rebutted or explained away. * * *

" * * * This court specifically held that the trial court erred in refusing to allow the movants 'to show, if they can, a sufficient excuse for the delay, which occurred prior to October 24, 1938, in the prosecution of the motion for new trial.' * * *

" 'However, since the discontinuance must be based on a factual situation involving lack of due diligence, same does not and cannot become effective until the basic facts are adjudicated by the court. Whenever the hearing for such adjudication is had, the plaintiff has the right to be heard to explain, if he can, his delay in prosecuting his suit.' (161 S.W.2d 491)

"Considered together, the rules of the Callahan and Bevil cases add up to a reasonable, logical and salutary whole. One who files a judicial proceeding owes a duty to prosecute it with due diligence. When a motion to dismiss a proceeding on the ground of abandonment is filed, the trial court must first determine whether the proceeding has been on file, without action, for an unreasonable length of time. If it has not, the motion should be overruled summarily. If it has, a rebuttable presumption of abandonment arises, and an opportunity should be afforded the party who filed the proceeding to prove, if he can, that he had good reason for his delay in prosecuting the proceeding. If he fails or refuses to offer proof, or if the proof offered fails to show good reason for the delay, the presumption is not rebutted and becomes conclusive, and the motion to dismiss should be granted. If proof is offered and does show good reason for the delay, the presumption is rebutted and the motion

should be overruled. Whatever may be the action of the trial court, and at whatever stage it is taken, it is to be taken in the exercise of sound judicial discretion and is erroneous only if it is so arbitrary as to constitute an abuse of discretion.

"If Callahan stands for anything it stands for the proposition that it is an abuse of discretion to grant a motion for dismissal based upon abandonment without affording the party who filed the proceeding an opportunity to offer evidence showing good reason for the delay. * * *

"When the trial judge acted he had before him a record showing unreasonable delay by Brammer in having citation issued and served and in having the case set for trial. As matters then stood there was a rebuttable presumption of abandonment by Brammer of his objections. But a summary granting of the motion without affording Brammer an opportunity to offer evidence rebutting the presumption would, according to Callahan, have been an abuse of discretion. For, as we said there, a discontinuance 'does not and cannot become effective until the basic facts are adjudicated by the court.'

"The only possible point of distinction between what we held to be wrong in Callahan and what we hold to be right here is that in Callahan Staples requested the trial judge to hear evidence on the reason for his delay, while in this case Brammer made no such request. * * * In this case there was no reason for Brammer to request an opportunity to offer evidence to convince the judge that he should overrule the motion to dismiss because the judge was taking that action without evidence. To turn Brammer's right to maintain his suit on his failure to request the trial judge for an opportunity to offer evidence is, under the circumstances, utterly unrealistic and unreasonable.

"No opportunity has been offered Brammer to present evidence to the trial judge to explain his undue delay in the respects mentioned, and the trial judge, therefore,

has had no opportunity to exercise his discretion in adjudicating the basic facts of the discontinuance. I would reverse the judgments of the courts below and would remand the cause to the trial court with directions to hear such evidence as Brammer may care to offer on the motion to dismiss. * * *"

The judgment of the trial court is reversed. The cause is remanded and the trial court is directed to hear such evidence as the landowners may have to offer in explaining their delay.

Reversed and remanded.