Robert C. STUART, Appellant,

v.

HARRIS COUNTY FLOOD CONTROL DISTRICT, Appellee.

No. 1385.

Court of Civil Appeals of Texas, Houston (14th Dist.).

May 19, 1976.

Rehearing Denied June 9, 1976.

Winston P. Crowder, Robbins & Crowder, Houston, for appellant.

Joe Resweber, County Atty., Larry W. Hays, Asst. County Atty., Houston, for appellee.

J. CURTISS BROWN, Chief Justice.

This is a condemnation case.

In 1961 the Harris County Flood Control District (condemnor or appellee) instituted eminent domain proceedings against Robert C. Stuart (appellant) and others (condemnees) for the purpose of obtaining an easement for flood control purposes. Special Commissioners were duly appointed and a hearing was held. The award of the Special Commissioners, amounting to $112,-110.00, was filed on August 24, 1961. The condemnees timely filed objections to the amount of the award. On September 5, 1961 the condemnor deposited a sum equal to the amount of the award into the registry of the court. A short time later condemnee Stuart made application to withdraw his share of the award, $97,110.00. Upon order of the court Stuart did withdraw that portion of the award. In August of 1975 the condemnor filed a motion to strike the condemnees' objections and to enter judgment on the award. A hearing was held at which Stuart testified. The trial court entered a judgment striking and dismissing the objections of the condemnees and adopting the award of the Special Commissioners as its judgment. The judgment further ordered that all right, title, and interest to the flood control easement be

vested in the condemnor. Stuart has perfected this appeal.

The timely filing by either party of objections to a condemnation award serves to vacate the award, and the special condemnation proceedings become a cause pending in the county court, with the condemnor as plaintiff and condemnee as defendant. *Denton County v. Brammer*, 361 S.W.2d 198 (Tex.1962). The cause is to be tried and determined as in other civil causes in the county court. Tex.Rev.Civ.Stat.Ann. art. 3266, § 6 (1968). Unless citation is waived it is the duty of those objecting to the award to have citation served on all adverse parties. *City of Houston v. Huber*, 311 S.W.2d 488 (Tex.Civ.App.—Houston 1958, no writ). Where objections are filed by the condemnee, and the condemnee does not in any way consent to the taking of the property, then the burden of proof on the "whole case" and the burden of going to trial are on the condemnor, while the burden of having citation issued and served and the burden of showing adequate compensation are on the condemnee. *Denton County v. Brammer, supra*; *Fort Worth & D. N. Ry. Co. v. Johnson*, 125 Tex. 634, 84 S.W.2d 232 (1935).

However, if the amount of the commissioners' award is deposited by the condemnor into the registry of the court, then the withdrawal of that money by the condemnee precludes the litigation of any issue except adequate compensation. *State v. Jackson*, 388 S.W.2d 924 (Tex.1965). Since adequate compensation is an issue on which the condemnee has the burden of proof, such a withdrawal shifts the burden of proof on the "whole case" and the burden of proceeding to trial to the condemnee. *City of Austin v. Hall*, 446 S.W.2d 330 (Tex. Civ.App.—Austin 1969), *rev'd and appeal dism'd per curiam*, 450 S.W.2d 836 (Tex. 1970). The condemnees had withdrawn the funds in this case, and therefore had the burden of proceeding to trial with due diligence as well as the burden of having citation issued and served.

In the instant case the condemnor's motion to strike the condemnees' objections to the award was the equivalent of a motion to dismiss for want of prosecution. The proper procedure for reviewing a dismissal for want of prosecution was summarized by then Chief Justice Calvert in his dissenting opinion in *Denton County v. Brammer, supra*. After reviewing the cases of *Bevil v. Johnson*, 157 Tex. 621, 307 S.W.2d 85 (1957) and *Callahan v. Staples*, 139 Tex. 8, 161 S.W.2d 489 (1942), Judge Calvert stated:

"One who files a judicial proceeding owes a duty to prosecute it with due diligence. When a motion to dismiss a proceeding on the ground of abandonment is filed, the trial court must first determine whether the proceeding has been on file, without action, for an unreasonable length of time. If it has not, the motion should be overruled summarily. If it has, a rebuttable presumption of abandonment arises, and an opportunity should be afforded the party who filed the proceeding to prove, if he can, that he had good reason for his delay in prosecuting the proceeding. If he fails or refuses to offer proof, or if the proof offered fails to show good reason for the delay, the presumption is not rebutted and becomes conclusive, and the motion to dismiss should be granted. If proof is offered and does show good reason for the delay, the presumption is rebutted and the motion should be overruled. Whatever may be the action of the trial court, and at whatever stage it is taken, it is to be taken in the exercise of sound judicial discretion and is erroneous only if it is so arbitrary as to constitute an abuse of discretion." 361 S.W.2d at 202–03.

This procedure has been adopted as the law by numerous courts of civil appeals. See *Missouri Pacific R.R. Co. v. Liberty County Water Control & Improvement District No. Six*, 483 S.W.2d 50 (Tex.Civ.App.—Beaumont 1972, writ ref'd n. r. e.); *Lowe v. City of Arlington*, 470 S.W.2d 206 (Tex.Civ.App. —Fort Worth 1971, writ ref'd n. r. e.); *Moss v. State*, 361 S.W.2d 408 (Tex.Civ.App. —Eastland 1962, no writ).

The above procedure outlined by Judge Calvert was followed in the present

case. The motion to dismiss did not allege the failure of the condemnee to have citation issued and served, but it did allege that the cause had been pending for fourteen years. The trial court considered this an unreasonable length of time, and a rebuttable presumption of abandonment—or lack of due diligence—arose. The court correctly ordered a hearing to afford the party who had the burden of proceeding to trial (here the condemnee) an opportunity to prove good reason for the delay. The court concluded that the proof offered by the condemnee failed to show good reason for the delay, whereupon the presumption of abandonment—or lack of due diligence—became conclusive. In the exercise of its sound judicial discretion the court ordered the objections stricken and entered judgment on the award. See *Southern Pacific Transportation Co. v. Stoot*, 530 S.W.2d 930 (Tex.1975). It is settled that even though a condemnation award is vacated by the action of the condemnee in filing his objections, it may be reinstated upon the abandonment of his appeal. *Smith v. State*, 388 S.W.2d 291 (Tex.Civ.App.—Houston 1965, writ ref'd n. r. e.).

At the hearing on appellee's motion to dismiss, appellant presented some evidence tending to show that he did not intend to abandon his appeal. However, it has been held that an intent to abandon is not a part of the test for a trial court to apply in passing on a motion to dismiss for want of prosecution. *Missouri Pacific R.R. Co. v. Liberty County Water Control & Improvement District No. Six, supra.* From our inspection of the record, we can not find that the trial court abused its discretion. Therefore the judgment of the trial court is affirmed.

Affirmed.