STATE of Texas, Appellant,

v.

BEEVER FARMS, INC., Appellee.

No. 15655.

Court of Civil Appeals of Texas, San Antonio.

March 2, 1977.

Rehearing Denied April 13, 1977.

C. W. Pearcy, Asst. Atty. Gen., Austin, for appellant.

Paul M. Green, San Antonio, for appellee.

KLINGEMAN, Justice.

A condemnation proceeding. The State of Texas, hereinafter called State or plaintiff, appeals from a judgment of the trial court dismissing the State's objection to the award of the Special Commissioners and entering judgment on such award.

This condemnation case was filed by State on December 5, 1968 to acquire right of way for Interstate 35 in Frio County, Texas from Beever Farms, Inc., hereinafter called defendant. An award of $57,578.81 was made by the Special Commissioners on February 6, 1969. State timely filed its objections to the award on February 24, 1969 and deposited the sum of $57,578.81 in the registry of the court. Defendant filed its motion to withdraw such sum and thereafter withdrew such sum when such motion was granted by the court. No citation was ever served on defendant by State thereafter, but on December 8, 1972, the defendant executed a waiver of citation.

The first trial setting of this case was on February 16, 1970, but State requested and was granted a continuance at such time. The next trial setting in November of 1973 was continued after State refused to produce certain appraisal reports. Ultimately, after action by the Supreme Court of Texas, such report was delivered to defendant in October of 1974.[1] Although some correspondence was carried on between the parties as to a possible settlement, it was to no avail.

On February 25, 1976, defendant filed its motion to dismiss for want of prosecution and entry of judgment on the Commissioners' award. A hearing on such motion was set by the court resulting in entry of the judgment here under attack. The trial court made extensive findings of fact and conclusions of law.

State asserts 21 points of error which encompass three general areas. (1) Points of error asserting that the trial court erred and abused its discretion in dismissing its objections to the Commissioners' award and in entering judgment on such award. (2) Points of error complaining that there is no evidence and insufficient evidence to support the trial court's findings of fact and conclusions of law and that such findings and conclusions have no foundation in law. (3) Points of error asserting that the trial court erred in permitting defendant to interline its motion to dismiss by deleting the words "the cause" and substituting in lieu thereof "the objections."

■ We first consider the points of error pertaining to the substitution of the words

---

1. *Ex parte Shepperd*, 513 S.W.2d 813 (Tex.1974).

"the objections" in the motion to dismiss. During the hearing on the motion to dismiss defendant asked for and received permission from the court to change the words "the cause" to "the objections" in defendant's motion to dismiss, which was done over plaintiff's objection. This was done by striking out the words "the cause" and substituting the words "the objections." We find no reversible error in such procedure. Rule 63, Tex.R.Civ.P., provides that amendments to pleadings shall be granted by the judge unless there is a showing that such amendment will operate as a surprise to the opposite party. Rule 66, which provides for trial amendments, states that the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby, and the objecting party fails to satisfy the court that the allowance of such amendment would prejudice him in maintaining his action or defense.

■ The allowance of trial amendments is within the sound discretion of the trial court, and unless it clearly appears that such discretion has been abused, its order permitting or refusing a trial amendment will not be disturbed. *Vermillion v. Haynes,* 147 Tex. 359, 215 S.W.2d 605 (1948); *Missouri-Kansas-Texas Railroad Co. v. Gage,* 438 S.W.2d 879 (Tex.Civ.App.— Fort Worth 1969, writ ref'd n. r. e.). It is abundantly clear from reading the motion to dismiss the intent and purpose of such motion and such interlineation merely confirmed the intentions of the movant as shown by the entire motion. State's evidence as to due diligence would have been the same both before and after the amendment and the State has in no way shown surprise or prejudice. The trial court did not abuse its discretion in permitting the change or interlineation here complained of.

All the balance of plaintiff's points of error will be discussed together. By such points of error plaintiff asserts:

(1) The trial court abused its discretion in dismissing the objection to the Commissioners' award and in entering judgment on such award because:

(a) there is no evidence to support such dismissal and no evidence on which to base such award;

(b) there is no evidence to show a lack of due diligence;

(c) there is no evidence that would give rise to a presumption of abandonment;

(d) State rebutted the presumption of abandonment as a matter of law;

(e) State established due diligence as a matter of law;

(f) there has been a clear abuse of the trial court's discretion.

(2) There is no evidence and insufficient evidence to support the trial court's findings of fact and conclusions of law, and such findings and conclusions have no foundation under the evidence or the law.

■ It is settled that a party who files a petition must prosecute his claim with due diligence. If he fails to do this, a court has the inherent power to dismiss his claim for want of diligence in his prosecution. *Pollok v. McMullen Oil & Royalty Co.,* 383 S.W.2d 837 (Tex.Civ.App.—San Antonio 1964, writ ref'd); *Southern Pacific Transport Co. v. Stoot,* 530 S.W.2d 930 (Tex.1975); 4 McDonald, Tex.Civil Practice § 17.18; 20 Tex. Jur.2d Dismissal § 33 (1960).

■ Our Supreme Court in *Bevil v. Johnson,* 157 Tex. 621, 307 S.W.2d 85, 87 (Tex. 1957), states the rule as follows:

[A] court has the right to dismiss a suit for failure to prosecute it with due diligence. . . . The matter rests in the sound discretion of the trial court. It is not an unbridled discretion, but a judicial discretion subject to review. Upon review, the question is whether there was a clear abuse of discretion by the trial court. That is a question of law.

Findings of fact and conclusions of law which were made in the trial court may be summarized as follows: This case was placed on a docket of the court by reasons of the objections to the award of the Special Commissioners filed by the State on February 24, 1969; State requested and was granted a continuance on the first trial setting of the case in February of 1970; the

next trial setting was necessarily continued because State failed to produce certain appraisal reports of a witness to which defendant was entitled to under the rules of civil procedure; from and after October 8, 1974, when the Supreme Court ordered plaintiff to comply with this court's order for the production of such report, plaintiff had done absolutely nothing to bring the case to trial; all delays in the disposition of the case are attributable to plaintiff. The court concluded that this case has been on file in this court for an unreasonable length of time; that during such unreasonable length of time there has been no significant action to bring the case to trial; that a delay of unreasonable duration has occurred in the prosecution of this case, which delay is solely attributable to plaintiff; there is a presumption that plaintiff had abandoned the prosecution of this case; that plaintiff, upon hearing, failed to establish a reasonable explanation for the delay in prosecuting this case.

Although plaintiff now complains of such findings and conclusions, no objections or exceptions were taken to the findings and no request for additional findings was made.

Under the record we cannot say there is no evidence to support the trial court's findings of fact and conclusions of law, nor does the record substantiate State's contention that such findings have no support under the evidence or the law. In this proceeding the burden was on the State to show good reason for the delay. The court found that it failed to do so, and its findings in this regard are not against the great weight and preponderance of the evidence, and are sufficiently supported by the evidence.

Plaintiff makes some contention that it was defendant's [condemnee's] burden to prosecute this case even though it did not file any objections to the Commissioners' award and is perfectly satisfied with such award, citing *Stuart v. Harris County Flood Control District,* 537 S.W.2d 352 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n. r. e.), in support of such contention. While there is some language

in *Stuart* which might support such contention, that case differs factually in the case before us, in that the condemnee, not the condemnor, filed objections to the award and thereafter withdrew such award and the alleged delay was on the part of the party who filed the objections. Moreover, it seems clear from the language and holding of the entire case that the court was speaking only in terms of objections filed by the condemnee in that the court stated:

> The court correctly ordered a hearing to afford the party who had the burden of proceeding to trial (here the condemnee) an opportunity to prove good reason for the delay.

It can be argued that State [condemnor] is not a true plaintiff in this type of proceeding in that (1) regardless of who files objections, the condemnee has the burden of proving the value of the property at the trial. *State v. Jackson,* 388 S.W.2d 924 (Tex.1965); (2) condemnee would have the right to open and close argument. *Wagoner v. City of Arlington,* 345 S.W.2d 759 (Tex.Civ.App.—Fort Worth 1961, writ ref'd n. r. e.).

We have concluded that the more logical and better view is that the person who filed the objections has the burden to proceed to trial for a number of reasons. (1) Under the provision of Art. 3266, § 6, Tex.Rev.Civ. Stat.Ann. (1968), the party filing the objections has the burden of citing the adverse party. Ordinarily, the party who has the burden of issuing citation also has the burden to proceed. This position finds support in the Supreme Court's holding in *Denton County v. Brammer,* 361 S.W.2d 198 (Tex. 1962), wherein the Court placed the burden to proceed on the condemnee, who had filed objections to the award, stating that since the duty devolved upon the condemnee to cause the issuance of citation it was logical to say that he must act with reasonable diligence.

Moreover, under Rule 165a, Tex.R.Civ.P., a case may be dismissed for want of prosecution on failure of any party seeking affirmative relief to diligently prosecute its claim. In the case before us, State was the

movant and was the party seeking affirmative relief. The defendant did not file any objections to the award of the Special Commissioners and is perfectly happy with such award. It is illogical to place the onus of proceeding to trial on defendant in that it places the burden to proceed on the party who never wanted a trial in the first place. Under the State's theory they could file objections and then do nothing ad infitum, without penalty. We hold that the burden to proceed to trial on this case was on the State.

In *Callahan v. Staples,* 139 Tex. 8, 161 S.W.2d 489 (1947), the Court said:

Once the court's jurisdiction attaches to a motion which is made in accordance with the terms of this statute, the jurisdiction is not afterwards disturbed by the mere passage of time. Nevertheless, in going forward with the prosecution of the motion, as he is required to do, the movant is bound to exercise at least as high a degree of diligence as is required of a plaintiff in an independent suit. * * * Where the defendant in a suit is called to answer and has responded to the call, the duty devolves on the plaintiff to proceed in prosecuting the suit to a conclusion with reasonable diligence, and whenever a delay of an unreasonable duration occurs, such delay, if not sufficiently explained, will raise a conclusive presumption of abandonment of the plaintiff's suit, and a discontinuance results.

Both plaintiff and defendant rely on the Supreme Court's holding in *Denton County v. Brammer, supra.* In *Brammer,* the condemnee filed objections to the Commissioners' award and after a long delay the condemnor filed a motion to dismiss the objections. The trial court summarily overruled the motion to dismiss without hearing evidence. The majority of the Supreme Court held that there was a conclusive presumption of abandonment under the facts and rendered judgment dismissing the objections and confirming the Commissioners' award as the proper judgment, stating:

It is our opinion that the trial court did abuse its discretion in failing to hold that the circumstances above mentioned raised a conclusive presumption that Brammer had abandoned his objections.

\* \* \* \* \* \*

While mere lapse of time between the filing of objections and the trial in this cause cannot operate as an abandonment by Brammer, of his objections and exceptions to the award, the circumstances of this cause raised a conclusive presumption of abandonment by Brammer of his objections, and since such circumstances were wholly unexplained, there was a clear abuse of judicial discretion on the part of the trial court in overruling Denton County's motion to dismiss.

The dissenting opinion felt that since no opportunity had been offered to *Brammer* to present evidence to the trial judge to explain his undue delay, the trial judge had no opportunity to exercise his discretion in adjudicating the basic facts of the discontinuance, and that the case should be reversed and remanded to the trial court with directions to hear such evidence as *Brammer* might care to offer on his motion to dismiss, and that if good reason for the delay is not shown by *Brammer* on such hearing, *his objections should be dismissed and judgment should be entered on the award just as though no objections had been filed.*

In such dissenting opinion, Justice Calvert, writing for the dissent, set forth the following rule:

One who files a judicial proceeding owes a duty to prosecute it with due diligence. When a motion to dismiss a proceeding on the ground of abandonment is filed, the trial court must first determine whether the proceeding has been on file, without action, for an unreasonable length of time. If it has not, the motion should be overruled summarily. If it has, a rebuttable presumption of abandonment arises, and an opportunity should be afforded the party who filed the proceeding to prove, if he can, that he had good reason for his delay in prosecuting the proceeding. If he fails or refuses to offer proof, or if the proof offered fails to show good

reason for the delay, the presumption is not rebutted and becomes conclusive, and the motion to dismiss should be granted. If proof is offered and does show good reason for the delay, the presumption is rebutted and the motion should be overruled. Whatever may be the action of the trial court, and at whatever stage it is taken, it is to be taken in the exercise of sound judicial discretion and is erroneous only if it is so arbitrary as to constitute an abuse of discretion.

We have concluded that the trial court's holding in the case before us is correct, both under the rules set forth by the majority and the dissent. A hearing was had on the motion to dismiss, and the parties given full opportunity to present whatever evidence they desired to present, and only after such hearing did the trial court enter its order dismissing the proceedings.

The trial court made a finding that the cause had been on file an unreasonable length of time after the filing of objections by the State, and that a rebuttal presumption of abandonment or lack of due diligence arose. The trial court correctly ordered a hearing to afford the party who had the burden of proceeding (here the State) an opportunity to prove good reason for the delay. The court, after such hearing, concluded that the proof offered by the State failed to show good reason for the delay, whereupon the presumption of abandonment—or lack of due diligence—became conclusive. In the exercise of its sound judicial discretion the court ordered the objections dismissed and entered judgment on the award. No abuse of discretion is shown.

All of State's points of error have been considered, and all are overruled. The judgment is affirmed.[2]

2. Plaintiff makes some contention that there is no authority to enter judgment on the award of the Special Commissioners after the objections have been stricken or dismissed, and the trial court erred in making such an award. We disagree. Such holding finds support in numerous authorities, including *Denton County v.*

*Brammer, supra; Stuart v. Harris County Flood Control District, supra; Moss v. State,* 361 S.W.2d 408 (Tex.Civ.App.—Eastland 1962, no writ); *Smith v. State,* 388 S.W.2d 291, 293 (Tex.Civ.App.—Houston 1965, writ ref'd n. r. e.).