**Bobie (Bobbie) Adelia ANDERSON, Appellant,**

v.

**John Billy ANDERSON, Appellee.**

**No. 18421.**

Court of Civil Appeals of Texas, Fort Worth.

May 28, 1981.

Rehearing Denied June 25, 1981.

Erhard, Cox & Ruebel and J. Kevan Dilbeck, Dallas, for appellant.

John Wright & Associates, Grand Prairie, for appellee.

OPINION

SPURLOCK, Justice.

Bobie (Bobbie) Adelia Anderson appeals the dismissal by the trial court of her bill of review. The bill of review was dismissed for want of prosecution.

We affirm the judgment of the trial court.

Bobie and her then husband John Billy Anderson were divorced, after a full trial, on February 4th of 1974. The decree of that date also granted Ms. Anderson custody of the two children and divided the property of the parties.

The bill of review was directed solely at that part of the judgment dealing with the division of the parties' community property. In Ms. Anderson's bill she alleged that the division award was brought about by the fraud of her then husband, John Anderson, in concert with the accident or mistake of herself and the attorneys representing both parties. She alleged that the effect of this fraud and mistake was to prevent the court from having a full accounting of the market value of the community estate, resulting in Ms. Anderson receiving a significantly smaller share.

■ The decree of divorce was signed February 4th of 1974. The bill of review was filed two years later, on February 3rd of 1976. Over four years after the bill was filed, on April 30, 1980 this cause was dismissed for want of prosecution. During this period, between February 3rd of 1976 and April 30 of 1980 Ms. Anderson never requested a trial setting nor engaged in any trial preparation.

After a full hearing on the court's motion to dismiss the trial court concluded that Ms. Anderson had failed to prosecute the bill of review and ordered the cause dismissed.

Ms. Anderson alleges error in the trial court's granting of the dismissal, contending that it deprives her of her "remedy by due course of law" under the U. S. and Texas Constitution; that she never abandoned her cause of action; and that she offered sufficient explanation for her failure to prosecute her cause with due diligence.

Ms. Anderson alleges as a defense pertinent to each of these points a deep seated fear of attorneys, judges, courtrooms and the judicial process in general. It is her contention that as a result of her divorce trial she has been afflicted with a fear of the legal system which includes the signing of any legal documents. She testified that she has since sought professional help regarding the problem. The testimony of her psychiatrist, relatives and neighbors was to the same effect.

Ms. Anderson argues that as a result of this phobia she was rendered temporarily incompetent to prosecute her cause. She and her witnesses also testified that though this disability was deep seated it was also transitory; that she has now improved to the point where she could proceed with the litigation.

We conclude that Bobie Anderson was not deprived of life, liberty, or property without due process of law. We conclude that the trial court did not abuse its discretion in dismissing her petition. We hold that Bobie Anderson failed to use due diligence in the prosecution of her cause of action and we hold that she failed to offer an explanation sufficient to excuse such failure.

Under Tex.R.Civ.P. 165a, a trial court may dismiss a claim where the party seeking affirmative relief fails to prosecute it with due diligence. (See *State v. Beever Farms, Inc.*, 549 S.W.2d 223 (Tex.Civ.App.—San Antonio 1977, writ ref. n. r. e.)).

In her second point of error Ms. Anderson alleges that the trial court committed an abuse of discretion in that she had never abandoned her cause of action. In *Allen v. Bentley Laboratories, Inc.*, 538 S.W.2d 857, 860 (Tex.Civ.App.—San Antonio 1976, no writ) the appellate court addressed the functional difference between abandonment and dismissal for want of prosecution. "[I]t is not contended", the court stated, "that the passage of some nineteen months was an abandonment of appellants' cause of action per se. (Citations omitted.) Appellees'

motion seeking dismissal of the cause is based entirely on appellants' failure to prosecute the suit with diligence." We hold that John Anderson's motion was for dismissal for Bobie Anderson's failure to diligently prosecute this cause.

 Under the facts in this case where no action is taken on a bill of review in four years a rebuttable presumption arises that due diligence was not used. *State v. Beever Farms, Inc., supra.* After the dismissal from which Ms. Anderson has appealed the trial court held a full hearing to determine whether or not it should be reinstated. At the conclusion of the hearing the trial judge determined that Ms. Anderson's contention of temporary incapacity due to her fear of this legal system was insufficient reason to excuse her failure to prosecute with due diligence. The question then becomes whether the refusal to reinstate was such a clear abuse of discretion on the part of the trial court judge as to require reversal. See *Bevil v. Johnson,* 157 Tex. 621, 307 S.W.2d 85 (1957); *Sandstrum v. Magruder,* 510 S.W.2d 388 (Tex.Civ.App.—Houston [1st Dist.] 1974, writ ref'd n. r. e.).

In *State v. Beever Farms, Inc., supra,* 549 S.W.2d at 228, the Court stated, with regard to the procedure the trial court used after dismissal: "The trial court made a finding that the cause had been on file an unreasonable length of time after the filing of objections by the State, and that a rebuttal presumption of abandonment or lack of due diligence arose. The trial court correctly ordered a hearing to afford the party who had the burden of proceeding (here the State) an opportunity to prove good reason for the delay. The court, after such hearing, concluded that the proof offered by the State failed to show good reason for the delay, whereupon the presumption of abandonment—or lack of due diligence—became conclusive. In the exercise of its sound judicial discretion the court ordered the objections dismissed and entered judgment on the award. No abuse of discretion is shown."

 The trial court in the present case followed the same procedure and came to the same conclusion as in *State v. Beever Farms, Inc. supra.* Therefore, the conclusiveness of the trial court judgment is established. There has been no contention by Ms. Anderson that there was no evidence to support the court's ruling or that it was against the great weight and preponderance of the evidence and in the absence of such, the court's judgment is conclusive.

The judgment is affirmed.