**Ben PARKS, d/b/a Ben Parks Company, Appellant,**

v.

**John W. McMACKIN, Johnson-Loggins, Inc., Gibraltar Savings Association, Ben Hogan and the Trophy Club Estates, a Real Estate Joint Venture, Appellee.**

No. 2–81–031–CV.

Court of Appeals of Texas, Fort Worth.

June 17, 1982.

Rehearing Denied Aug. 12, 1982.

W. John Allison, Jr., Gayle E. Oler, Dallas, for appellants.

Godfrey, Decker, McMackin, Shipman, McClane & Bourland, and Richard L. Bourland, Timothy E. Malone, Fort Worth, for appellees.

Before MASSEY, C. J., and SPURLOCK and JORDAN, JJ.

## OPINION

JORDAN, Justice.

The issue here is whether the trial court abused its discretion in dismissing for want of prosecution a law-suit which had been on file for more than four and one-half years.

Appellant, by nine points of error, urges that the trial court abused its discretion in dismissing the suit, in refusing to grant his motion for new trial and reinstate the case, and in dismissing the case without holding an evidentiary hearing. He also says that there is no evidence, or insufficient evidence to support the trial court's decision to dismiss the suit for want of prosecution.

We affirm.

On 22 December 1976, appellant filed suit against appellees for breach of contract, contending that for the payment by appellant to appellees of $204,500.00 he, appellee, was to be included in the joint venture project organized to develop Trophy Club Estates. He allegedly was to be in charge of real estate sales for the venture. He alleged that appellees have failed and refused to perform their agreement to his damage in the amount of $204,500.00 plus interest. The contacts and negotiations between appellant and appellees began in 1971.

All appellees, defendants below, answered, and two of them filed pleas of privilege, which, though controverted, were never presented to nor ruled on by the trial court.

The suit remained on the non-jury docket of the court until sometime in 1978, when, after being placed on the court's dismissal docket, it was placed on the jury docket of the court by appellant.

In April of 1977 counsel for appellees requested a deposition of appellant Parks, but his then counsel wrote appellee's counsel asking for a delay of the taking of the deposition and suggesting that the case be left in limbo. In February 1980, the case was placed on the court's jury dismissal docket, but was removed by the court after appellant's counsel wrote the court assuring the court that the case would be disposed of by February 27. He also stated that in the event it was not disposed of by that date, it

could be dismissed without objection from appellant. Appellant was made aware of such letter.

Up to this point, February, 1980, no action whatever had been taken with regard to a disposition of this case, and in February, 1981, the case was again placed on the court's dismissal docket. In the meantime, appellant's counsel, on 14 February 1981, on motion, was permitted to withdraw from the case as appellant's counsel. He was replaced by his current counsel of record, one of whom requested the court to remove the case once again from the dismissal docket. The case was again removed from the dismissal docket by the court, on counsel's written promise to dispose of the case by 3 August 1981 or allow it to be dismissed without further objection.

On 29 July 1981 appellant's then counsel filed an amended pleading, and on 7 August 1981 though the case had never been set for trial by any party thereto, filed a motion for continuance asking that the case not be dismissed.

On 13 August 1981 the court held an in-chambers hearing, with counsel for all parties present, and after discussion between court and counsel concerning the length of time this case had been on the court's docket with no action whatever, except the recent filing of amended pleadings by appellant, the court announced that the case would be dismissed for want of prosecution. The order of dismissal was signed 14 August 1981. Appellant then filed his Motion for New Trial and/or Motion to Reinstate and on 11 September 1981 a full evidentiary hearing was held by the court on this motion. At the conclusion of this hearing the court overruled the Motion to Reinstate and/or Motion for New Trial.

Before entering into a discussion of the law involved on the primary issue in this case, whether or not the trial court abused its discretion, we again point out that from the time of filing of the lawsuit on 22 December 1976 until it was dismissed for want of prosecution 14 August 1981, more than four and one-half years later, the

plaintiff, appellant here, made no effort to set this case for trial nor did he institute any discovery procedures. He took no depositions, filed no requests for admissions or interrogatories under the Rules, and actually did nothing until 29 July 1981 when he filed his first amended original petition, right before the case was to be dismissed on 3 August 1981.

■ The party who files a lawsuit must prosecute his claim to judgment with reasonable diligence, and if he fails to do so, the court has the inherent power to dismiss his claim for want of diligence in its prosecution. *Allen v. Bentley Laboratories, Inc.*, 538 S.W.2d 857 (Tex.Civ.App.—San Antonio 1976, writ ref'd n. r. e.); *Bevil v. Johnson*, 157 Tex. 621, 307 S.W.2d 85 (Tex.1957). The question presented for appellate review is stated in *Bevil v. Johnson, supra* :

> "The matter rests in the sound discretion of the trial court. It is not an unbridled discretion, but a judicial discretion subject to review. Upon review, the question is whether there was a clear abuse of discretion by the trial court. That is a question of law."

■ A motion to reinstate is also addressed to the sound discretion of the trial court and is also reviewed under an abuse of discretion standard. *Bevil v. Johnson, supra; Anderson v. Anderson*, 617 S.W.2d 776 (Tex.Civ.App.—Fort Worth 1981, no writ). In *Anderson, supra*, where a bill of review was allowed to remain on the court's docket for four years without any activity, the court said: "Under the facts in this case where no action is taken on a bill of review in four years, a rebuttable presumption arises that due diligence was not used." We think the same can be said of this case, where the suit pended for more than four years.

In *Southern Pacific Transportation Company v. Stoot*, 530 S.W.2d 930 (Tex.1975), the Supreme Court of Texas affirmed a trial court dismissal of a suit pending only a little over three years, pointing out that in that time the plaintiff had made no effort to bring his case to trial and that the only activity generated on the docket of the case

was at the instance of the defendant or of the trial court itself. The court also said that no complicated problems of discovery interfered with its disposition. We have a very similar situation in this case where the only real activity of the appellant in four and one-half years was the filing of an amended petition in July, 1981, when the case was up for dismissal again.

Appellant complains of what he alleges was the failure of the trial court to hold an evidentiary hearing on 13 August 1981, when the question of dismissal of the case was before the court. It is true that the court, at that time, did not hold a full evidentiary hearing, but conferred with counsel for all parties, except one defendant, in chambers, after which he announced his intention to dismiss the case for want of prosecution. The order of dismissal was signed the following day, 14 August 1981.

■ Appellant says that he was denied the right to have a court reporter present and to present evidence as to why the case should not be dismissed. However, as appellant admits in his brief, the request for a court reporter and the right to present evidence was not made until after the discussion in the court's chambers between the court and counsel and after the court had announced his ruling that the case would be dismissed. The request came too late. Moreover, if there was any error in the failure of the court to grant appellant a hearing on the question of dismissal of his case, it was cured, we think, by the full evidentiary hearing held by the court on the Motion to Reinstate on 11 September 1981. At that time appellant presented his evidence and his reasons for the delay in this case and his reasons and argument as to why the case should not be dismissed. There was no denial of due process here.

■ There was more than sufficient evidence in this record to support the trial court's discretionary decision to dismiss this long delayed case for want of prosecution. We cannot say from the record before us that the trial court abused its discretion in dismissing this four and one-half year old

case for want of prosecution. A lack of diligence in the prosecution of the case is clearly shown.

The judgment is affirmed.