**W. S. JOHNSON et al., Appellants,**

v.

**John R. BEVIL et al., Appellees.**

**No. 6083.**

Court of Civil Appeals of Texas.

Beaumont.

March 14, 1957.

Rehearing Denied May 15, 1957.

Charles S. Pipkin, Jack Brookshire, Beaumont, for appellants.

James F. Parker, Beaumont, Buchanan & Stover, Silsbee, Clyde McKee, Orange, for appellees.

HIGHTOWER, Justice.

The suit in the nature of trespass to try title was instituted in the district court of Hardin County, Texas, and from an order dismissing defendants' motion for new trial for lack of diligence in the prosecution of such motion the defendants have appealed and by appropriate points contend, primarily, that the action of the trial court was without support in the evidence, and was an abuse of its judicial discretion.

Also before us is an amicus curiae brief asserting this single point:

"The judgment rendered on January 7, 1946, is void, the court lacked jurisdiction to try the case on January 7, 1946, since the appearance day was January 14, 1946, and the affidavit for publication was made before the suit was filed."

The judgment was by default for plaintiff, John R. Bevil, January 7, 1946. The defendants, twenty-two, or more, non-residents, were cited by publication to appear January 14, 1946. The judgment, of course, was premature. The answer filed by the court appointed attorney, January 7, 1946, was premature. The statement of evidence filed January 7, 1946, was premature. Within the prescribed time, January 6, 1948, motion for new trial and answer were duly filed by defendants.

The plaintiff having died in January, 1953, certain of his children did, on the 2nd day of April, 1956, file their petition suggesting the death of the plaintiff, established proof of their heirship, and moved the trial court to dismiss the defendants' motion for new trial for the reason that the same had not been prosecuted with diligence. The defendants were required to

appear and answer to such motion on the 16th day of January, 1956, thirteen days later. On this same day, the defendants did appear and filed their answer which consisted, generally, of their denial of lack of diligence, and moved the court to set their motion for a new trial down for hearing 60 to 90 days hence. Hearing having thus been had on the 16th day of April, 1956, the court did, on the 16th day of May, 1956, dismiss the defendants' motion for new trial for the reason, as stated therein, that the same had not been prosecuted with sufficient diligence. Thereafter, the defendants filed, May 26, 1956, their motion for new trial on the order first dismissing their first motion for new trial, and on June 15, 1956, they filed their motion to reinstate their motion for new trial, dismissed as aforesaid, and both of these last aforesaid motions having been denied by the court on the 15th day of June, 1956, the defendants contend, on appeal, that the matter should be reversed and remanded for the reasons aforesaid, for a hearing on the merits of their motion for new trial, as filed January 6, 1948. With such contention we concur.

We must disregard, as premature, the point raised amicus curiæ, as the principal matter for determination is the propriety of the trial court's action in dismissing the defendants' motion for new trial for lack of diligence in the prosecution thereof.

Although appellants have brought forward a brief statement of facts, the trial judge was not requested to, and he did not make, findings of fact, or conclusions of law, and looking to the relevant evidence in the light most favorable to appellees, we give the following résumé which was just about all the evidence introduced at the hearing:

The original docket sheet introduced by defendants established that they had filed their motion for new trial and answer on January 6, 1948, and citation issued; hearing set for the third Monday in September, 1949; hearing set for third Monday in

January, 1950; hearing on motion continued by agreement February 19, 1951. Such was the action reflected by the court docket to have been taken by appellants between January 6, 1948, and April 16, 1956, the date the court dismissed their motion for new trial.

The only evidence of appellees was proof of heirship, as hereinbefore stated, the file date of the judgment of January 7, 1946, the defendants' motion for new trial of January 6, 1948, and an order of the court dismissing from the suit, in 1948, two defendants with whom we are not here concerned. Whereupon the plaintiffs rested.

In addition to the foregoing docket sheet entries, the defendants called James F. Parker under the adverse party rule, who was the only attorney of record for the plaintiffs prior to the hearing to dismiss and who testified that since the motion for new trial had been filed that he had had an agreement with one of the attorneys for appellants, Jack Brookshire, not to take "this thing up" (the motion for new trial) without notifying him; that some efforts to settle in January of 1948 had been fruitful; that there had been no effort to settle since 1948; that since the filing of their motion for new trial there had been good possibilities, and good prospects, though not in the form of defendants' promise, of working the matter out. Mr. Brookshire's (a defendant attorney) testimony that, "It had been my idea all along that the matter could be worked out" must be considered as fully supporting the implication of Mr. Parker's testimony to the effect that delay in the litigation was acquiesced in by the plaintiffs, and considered by both attorneys of record to be to the mutual benefit of the parties concerned. Mr. Brookshire further testified that it had never been his intention to abandon the defendants' motion for new trial. Moreover, and by reason of the foregoing, we cannot hold that the death of the original plaintiff, John R. Bevil, though such death may be hurtful to appellees' cause, should be herein

considered adversely to appellant, as we hold that they are not chargeable with negligent delay.

The sole contention presented by the plaintiffs for the trial court's determination was that by reason of the period of inactivity between April 2, 1956 and January 6, 1948, the defendants were held to have conclusively abandoned their claim of a right to new trial, and that the dismissal, by reason thereof, was not an abuse of the court's discretion. We cannot agree that the relief, as sought under this motion to dismiss, was entirely a matter of the trial court's discretion, or that the foregoing evidence warranted a finding of lack of sufficient diligence to prosecute as would justify the dismissal of defendants' motion, or that there was established a conclusive presumption of abandonment thereof as a matter of law, or that the following authorities are decisive of such contentions: Staples v. Callahan, post, and authorities there cited; First National Bank of Houston v. Fox, 121 Tex. 7, 39 S.W.2d 1085; Beaudette v. City of El Paso, Tex.Civ.App., 247 S.W. 895; Brooks Supply Co. v. Hardee, Tex.Civ.App., 32 S.W.2d 384; Fielder v. Swan, Tex.Civ.App., 175 S.W.2d 279.

The case of Staples v. Callahan, Tex. Com.App., 139 Tex. 8, 161 S.W.2d 489, 491, is very much in point, and is heavily relied on by both appellees and appellants, as sustaining their respective contentions, the relevant substance of which is as follows:

"In June, 1928, plaintiffs recovered default judgment against defendants after citation by publication, when no appearance or answer were filed. On June 6, 1930, defendants filed motion for new trial and answer, citing plaintiffs, under Article 2236, [Vernon's Ann.Civ.St.], who answered. In August, 1931, deposition was had of one of the defendants. On December 30, 1938, plaintiffs filed motion to dismiss the defendants' motion for new trial

for the reason that the same had been discontinued by operation of law so as to deprive the court of jurisdiction to entertain it. It was undisputed that after the day that the motion for new trial was filed (June 6, 1930) to October 24, 1938, no action in the case was taken by the defendants, except to file the deposition of one of them on August 25, 1931. The court took no action at all during such time. Thereafter, on February 8, 1939, all parties announced ready for trial on the merits of the motion for new trial. The defendants offered to prove that they had, not only good cause for setting aside the judgment of 1928, but also that they had a sufficient explanation or excuse for the delay in the prosecution of said motion. The court refused to hear or to consider any of the evidence in either of these respects and dismissed said motion for new trial for want of jurisdiction to hear and determine the same."

The Comm. of App. held that the trial court erred in refusing to hear such evidence, then proceeded to discuss the "rule of 'discontinuance'" in the following language:

"It is settled that the 'petition' which this statute provides is nothing more than a motion for a new trial in the pre-existing suit. Once the court's jurisdiction attaches to a motion which is made in accordance with the terms of this statute, the jurisdiction is not afterwards disturbed by the mere passage of time. Nevertheless, in going forward with the prosecution of the motion, as he is required to do, the movant is bound to exercise at least as high a degree of diligence as is required of a plaintiff in an independent suit. Therefore, it becomes expedient to examine the rule of practice, sometimes called the rule of 'discontinuance,' as same has been developed in this State by a long line of decisions. Such rule as so developed and applied may be

explained in these words: Where the defendant in a suit is called to answer and has responded to the call, the duty devolves on the plaintiff to proceed in prosecuting the suit to a conclusion with reasonable diligence, and whenever a delay of an unreasonable duration occurs, such delay, if not sufficiently explained, will raise a conclusive presumption of abandonment of the plaintiff's suit, and a discontinuance results. However, since the discontinuance must be based on a factual situation involving lack of due diligence, same does not and cannot become effective until the basic facts are adjudicated by the court. Whenever the hearing for such adjudication is had, the plaintiff has the right to be heard to explain, if he can, his delay in prosecuting his suit."

As noted in the foregoing opinion, the only activity observable from the record during the period between 1930 and 1938 was the taking of a defendant's deposition by one of the other defendants, while, as evidenced by the record of the case at bar, the plaintiff's motion for new trial had been set for hearing on its merits, upon three different occasions, the last setting having been continued by agreement of the parties. There is also the fact that settlement actually had been effected with two of the original defendants, as aforesaid, and we think that the foregoing testimony of Mr. Parker suggests that the defendants were not without diligence, but acted only with prudence in reasonable expectation of settlement, in order to avoid unnecessary expense and litigation, and having decided that the record itself failed to establish, as relied on by appellees, a conclusive abandonment of the plaintiffs' claim for new trial, and that the whole of the record before us reflects a reasonable excuse for the defendants' delay, we have further determined that the trial court's act was an abuse of its discretion in dismissing the motion

for new trial in the light of the evidence adduced. Sunshine Bus Lines v. Craddock, Tex.Civ.App., 112 S.W.2d 248; Smith v. Higginbotham, Tex.Civ.App., 112 S.W.2d 770.

In the defendants' aforesaid motion to reinstate, the attention of the trial court was, for the first time, called to the voidable aspects of the original judgment and citation under which it was rendered and, as appellants herein, their assignments of error predicated upon the court's action in regard thereto have been fully considered by this court, and are overruled upon most of the authorities relating thereto in appellees' brief.

We have carefully examined the motion of appellees to dismiss, for want of jurisdiction, appellants' appeal and find the same to be without merit upon the reasons and authorities of appellants' reply thereto, but we do sustain such portion of the motion as moves this court to strike certain instruments from the transcript, at appellants' costs, and the clerk of this court will proceed to tax the following instruments of the transcript at the appellants' costs: (1) Plaintiffs' Original Petition; (2) Original Citation by Publication and Sheriff's Return thereon; (3) Order Appointing Attorney to represent defendants cited by publication; (4) Statement of Evidence on Original Judgment; (5) defendants' Answer; (6) Motion of Andrew S. Hubbard for New Trial; (7) defendants' Answer, Andrew S. Hubbard; (8) Motion of Andrew S. Hubbard to Dismiss his Petition; (9) Order Dismissing Motion of Andrew S. Hubbard; (10) Motion of Mary E. Merkle to be Dismissed from Motion for New Trial; (11) Order of Dismissal as to Mary E. Merkle.

The judgment of the trial court is reversed for a hearing on the merits of appellants' motion for new trial within a reasonable time, upon reasonable notice of the setting thereof.

### On Motion for Rehearing

Appellees have for the first time called attention to the failure of one of the movants in the trial court to join in this appeal. We hold the error to be harmless and, for clarification, point out that our original opinion refers only to "the appellants".

All other points having been considered in our original opinion, the appellants' motion for rehearing is overruled.