JOHN R. BEVIL ET AL v. W. S. JOHNSON ET AL

No. A-6411. Decided November 20, 1957.
(307 S.W. 2d Series 85.)

James F. Parker, of Beaumont, *Earl B. Stover*, of Kountze, and *Terrell Buchanan*, of Silsbee, for relators.

*Charles S. Pipkin* and *Jack Brookshire*, both of Beaumont, for respondents.

MR. CHIEF JUSTICE HICKMAN delivered the opinion of the Court.

In this case the district court dismissed respondents' motion for a new trial for want of prosecution or, as expressed in the order of dismissal, for failuure to prosecute same with due diligence. The Court of Civil Appeals reversed that order and rendered judgment retinstating the motion on the docket of ·the

district to be heard on its merits after reasonable notice. 304 S.W. 2d 953.

The original suit was one in trespass to try title filed by John R. Bevil against a large number of defendants, including the respondents. Citation was by publication. Respondents did not appear or answer, and were represented at the trial by an attorney ad litem appointed by the court. On January 7, 1946, judgment by default was rendered against the defendants. On January 6, 1948, respondents filed a motion for a new trial under Rule 329, Texas Rules of Civil Procedure, which provides that in cases in which judgment has been rendered on service of process by publication, where the defendant has not appeared in person or by attorney of his own selection, motion for a new trial may be made within two years after such judgment was rendered.

John R. Bevil, the plaintiff in that suit, died intestate on January 8, 1953, and on April 2, 1956, his heirs filed a motion to dismiss the respondent's motion for new trial for want of prosecution. After notice, a hearing was had on the motion to dismiss on April 16, 1956, and the court on May 16, 1956, granted the motion and dismissed respondent's motion for a new trial. As noted above, the Court of Civil Appeals reversed that order and remanded the case for a hearing on the merits of the motion for new trial, thereby rendering judgment in favor of respondents in the case before it.

Upon the hearing on April 16, 1956, petitioners made proof of the date of the judgment, the date of the filing of the motion for a new trial, the date of the death of John R. Bevil, that he died intestate, and that they were his surviving heirs. Respondent then offered in evidence the docket sheet from the suit of John R. Bevil against respondents, as follows: "ORDERS OF COURT. January 7, 1946, Hon. Donald Allums appointed to represent defendants cited by publication. January 7, 1946, Judgment for plaintiff as per decree on file. Motion & Ans. for New Trial Filed January 6, 1948. Cits. issued January 6, 1948. January 26, 1948, Motion of Mary E. Nurkle and Andrew S. Hubbard to dismiss motion for new trial granted. September 5, 1949, Hearing on question of setting set for 3rd Monday in September, 1947, [1949]. September 19, 1949, Set for 3rd Mon. in Jan. 1950. February 19, 1951, Continued by agreement. April 2, 1956, Hearing on motion to dismiss set for 2 P.M., April 16, 1956."

They then called as a witness under the adverse party rule an attorney of record for John R. Bevil, and the following is taken from his testimony: "Q. Hasn't it been true, all have attempted, since the motion has been filed, to work out settlement, if at all possible, of this suit between the parties hereto? A. Let me summarize it this way, Jack. We had an agreement that you would not take this thing up without notifying me and and I would not take it up without notifying you. There were efforts made to settle. Q. In fact the Hubbard part of the lawsuit and Merkle part of the lawsuit were settled out? A. Yes, sir. Q. So some of the settlement negotiations turned out to be fruitful? A. Say that again. Q. So some of the settlement negotiations turned out to be fruitful? A. Yes, sir. Q. Well, as a matter of fact, wasn't it you gentlemen's understanding probably the case would be worked out? A. No, sir."

On cross examination he testified: "Q. About how long ago was that, seeing if settlement would be worked out? A. I don't think there was any effort to work out a settlement in the year 1949. Q. Has there been any effort since then? A. No, sir."

On redirect examination he testified: "Q. Have you been approached by any other persons or parties to work out settlement? A. Yes, sir. Q. Who were they? A. Robert S. Roberts. Q. When was that? A. Two (2) or 3 weeks ago. Q. Before that time? A. Hadn't been any. Q. Haven't you had conversation with Charles S. Gainer and Charles Pipkin since 1949 in an effort to work out settlement of the case. A. I don't think so."

One of the respondents' attorneys then took the witness stand. We quote from his testimony: "That after the said Motion for New Trial was filed the case was set to my recollection 3 times or more, and on the first two settings my recollection is because of illness in the family of the counsel for Plaintiff that it was passed.

"And that thereafter as a part of the understanding and agreement, that I had, it was testified to just a moment or so ago by Mr. Parker, that he would not set the hearing on the Petition for New Trial without ample notice to me and I would not set it without ample notice to him, our understanding being as he understood it; that it would probably take a good long time for either or both parties to prepare for trial and that in that connection if an adjustment and settlement could be worked out that the expense of preparing the case for trial

would be saved to all the parties litigant; that such understanding touched upon the hearing or motion or hearing for new trial itself upon its merits.

"It has never been the intention for the attorneys-of-record, for the Defendant or Respondent herein to discontinue or abandon this suit or their Petition for New Trial."

The rule governing the decision of this case, supported by abundant authority, is that, even without statutory authority, a court has the right to dismiss a suit for failure to prosecute it with due diligence. The rule applies to a movement in a motion for new trial in the same degree as to the plaintiff in an independent suit. The matter rests in the sound discretion of the trial court. It is not an unbridled discretion, but a judicial discretion subject to review. Upon review, the question is whether there was a clear abuse of discretion by the trial court. That is a question of law. It is thought that only two decisions by this court need be cited in support of the rule just announced. However, there are many Texas cases cited in support thereof in 15-A Texas Jurisprudence, p. 383, Sec. 41. In First National Bank of Houston v. Fox, 121 Texas 7, 39 S.W. 2d 1085, 1086, this court held:

"It is a well-established rule that in the absence of a statutory prohibition, every court has the power to dismiss a suit for want of prosecution. 9 R.C.L., p. 206, Sec. 25; 18 C.J. 1191, 1192, Sec. 110; Hall v. City of Austin, 31 Texas Civ. App. 626, 73 S.W. 32."

In Callahan v. Staples, 139 Texas 8, 161 S.W. 2d 489, the trial court's order dismissing the motion for new trial was reversed, not on the ground that the trial court after hearing evidence on the motion to dismiss improperly sustained the same, but on the ground that the trial court refused to permit the movement to show good cause, if any he had, for not prosecuting his motion with more diligence. In remanding the case for a trial on the motion to dismiss, the court, after observing that movent was bound to exercise at least as high a degree of diligence as is required of a plaintiff in an independent suit, announced the general rule in this language:

"* * * Such rule as so developed and applied may be explained in these words: Where the defendant in a suit is called to answer and has responded to the call, the duty devolves on the plaintiff to proceed in prosecuting the suit to a conclusion

with reasonable diligence, and whenever, a delay of an unreasonable duration occurs, such delay, if not sufficiently explained, will raise a conclusive presumption of abandonment of the plaintiff's suit, and a discontinuance results."

■ Applying the foregoing rule to the evidence in this case, we cannot agree with the holding of the Court of Civil Appeals that an abuse of discretion by the trial court is shown. In fact, it is our view that the court had ample justification for dismissing the motion. The motion had remained on the docket for more than eight years and for more than three years after the death of the plaintiff, John R. Bevil. There was probably justification for failure to prosecute same for three years after it was filed, but we cannot find any justification for failure to prosecute it after 1951. The fact that respondents had no intention to abandon it, or that their attorney had hopes of settling the case, cannot be made a ground for charging an abuse of discretion by the trial court. There is no evidence of any effort to settle the case after 1948, and no evidence of any effort on the part of respondents to obtain a hearing on their motion for a new trial after the year 1951. As noted, the plaintiff died in January 1953, and it was more than three years thereafter when petitioners filed their motion to dismiss the motion for rehearing. Petitioners owed no duty to seek a hearing on respondents' motion. The agreement of their attorney that he "would not take this thing up" without notifying the attorney for respondents was not an agreement to keep the motion on the docket. Besides, he literally complied with the agreement by having notice issued and served on respondents fourteen days before his motion to dismiss was heard. This evidence, in our view, falls short of showing an abuse of discretion.

Accordingly the judgment of the Court of Civil Appeals is reversed, and that of the trial court is affirmed.

Associate Justice Smith not sitting.

Opinion delivered November 20, 1957.