Billy Dale **BECKHAM**, a minor,
by next friend, Appellant,

v.

The **TRAVELERS INSURANCE COMPANY**, Appellee.

No. 8310.

Court of Civil Appeals of Texas,
Amarillo.

Nov. 27, 1972.

A. W. Salyars, Lubbock, for appellant.

Crenshaw, Dupree & Milam, Cecil Kuhne & Brad Crawford, Jr., Lubbock, for appellee.

REYNOLDS, Justice.

This appeal focuses on the trial court's discretion in dismissing for want of prosecution plaintiff-appellant's suit for workmen's compensation benefits. Affirmed.

On January 21, 1966, at the age of sixteen years, appellant, through his father as next friend, filed in the district court his appeal from the award of the Industrial Accident Board allowing him compensation for accidental injuries sustained in the course of his employment. After institution of, and preparatory to defending, the suit, appellee secured the following: (1) oral deposition of appellant, on June 11, 1966; (2) answers to interrogatories directed to appellant on October 11, 1966; (3) oral deposition of Dr. Jack Dunn, Jr., on October 28, 1966; and (4) answers to cross-interrogatories propounded to Dr. Wilburn S. Fry on December 7, 1966. Further, on September 25, 1970, appellee propounded to appellant, through his attorney, certain interrogatories. These interrogatories were unanswered because the attorney, not knowing where the appellant was and not having been in direct contact with him since early in 1967, had no personal information with which to answer them. The case was set for trial October 24, 1966; October 31, 1966; November 4, 1966; January 9, 1967; January 16, 1967; January 27, 1969; January 5, 1970; February 16, 1970; March 16, 1970; March 23, 1970, and possibly December, 1966 and February 27, 1967. The specific reasons for the cause not going to trial on those dates is not noted in the record; however, the general reason and apparently the factor causing the lapse of time we are here concerned with is the appellant's unavailability since some time in early 1967.

Appellee filed its motion to dismiss for want of prosecution on March 23, 1970. The premises of the motion were that appellant had abandoned his cause of action and that, due to the time element, it would be difficult for appellee to properly present its defense because of the possible nonavailability of material witnesses and the toll that time has taken on the memories of those witnesses who could be located. Appellant's attorney filed an answer to the motion to dismiss on October 27, 1970 stating that, as attorney for appellant, he was then ready, and had been for many months, to try the case on the depositions which had been taken after the case was filed. The trial court granted a hearing on this motion on April 14, 1972, and pursuant thereto entered an order of dismissal on April 25, 1972.

Appellant asserts in his first two points of error that the trial court abused its discretion in the granting of appellee's motion to dismiss for want of prosecution. His third point of error further attacks the dismissal as being erroneous because the court did not allow the case to be tried on depositions. In oral argument before this court, appellant's attorney made the contention that appellant, at the time the mo-

tion to dismiss was heard, had gained his majority for not more than two years and that under common law he would have two years after attaining majority in which to prosecute his claim.

■ Although appellant was a minor when suit was filed and had attained his majority for less than two years prior to the dismissal, the institution of these proceedings through his father as next friend is dispositive of his argument that the suit should not be dismissed during the period of two years after he reached his majority. The suit was authorized by Vernon's Ann. Civ.St. art. 1994 and Rule 44, Texas Rules of Civil Procedure, and, once filed, the suit, as any other suit, is bound to be prosecuted with due diligence.

■ In considering appellant's points of error, review of the trial court's action must be with regard to the well-established rule that in the absence of a statutory prohibition, every court has the power to dismiss a suit for want of prosecution. First Nat. Bank of Houston v. Fox, 121 Tex. 7, 39 S.W.2d 1085 (1931). The court in dismissing a cause of action exercises a judicial discretion subject to review. Bevil v. Johnson, 157 Tex. 621, 307 S.W.2d 85 (1957). Appellant's attorney contends that his willingness to try the case on depositions is a distinguishing factor in this case, the existence of which differentiates it from those cases that have upheld a dismissal for want of prosecution. However, from a survey of those cases in which a motion for dismissal for want of prosecution was considered, we have concluded that appellant's position is not tenable.

Apparently the trial court, considering the inordinate lapse of time involved, believed that a rebuttable presumption of discontinuance has arisen, thus granting appellant a hearing in which to sufficiently explain his reason for not prosecuting his cause of action with due diligence. See Denton County v. Brammer, 361 S.W.2d 198 (Tex.Sup.1962); Callahan v. Staples, 139 Tex. 8, 161 S.W.2d 489 (1942). After evaluating the evidence adduced at that hearing, the trial court exercised its discretion and determined that, under the facts, the rebuttable presumption evolved into a conclusive presumption of appellant's lack of due diligence in prosecuting his cause of action. Furthermore, the facts presented at the hearing support a determination that possible harm would devolve upon the appellee in being forced to try a stale cause of action.

■ Appellant's attorney has had no contact with appellant since sometime in early 1967; therefore, it necessarily follows that appellant personally has never manifested an interest in having his suit prosecuted since that time. In that the cause was never tried during its six year and three month pendency, appellant's attorney's willingness to proceed to trial on depositions does little to mitigate the inordinate delay which has accrued due to appellant's own dilatoriness. It is here noted that the primary activities in the early stages of the case were those of the appellee. As stated in Petroleum Refining Company v. McGlothlin, 429 S.W.2d 676, 678 (Tex.Civ.App.—Eastland 1968, writ ref'd n.r.e.), "(i)t is now established law that a court has the right to dismiss a suit for failure to prosecute it with due diligence, despite the fact that the party whose suit is dismissed had no intention to abandon the case and hoped to settle it. Bevil v. Johnson, 157 Tex. 621, 307 S.W.2d 85, 88." Also see Reed v. Reed, 158 Tex. 298, 311 S.W.2d 628 (1958); Missouri Pacific Railroad Company v. Liberty County Water Control and Improvement District, 483 S.W.2d 50 (Tex.Civ.App.—Beaumont 1972, writ ref'd n.r.e.); and Stateler v. Nettles, 163 S.W.2d 700 (Tex.Civ.App.—Dallas 1942, no writ). We are of the opinion that the principle of law announced applies to the factual situation presently before us. As the appellant had not prosecuted his cause of action with due diligence, appellant's attorney cannot claim

that he will try the action on depositions and charge the trial court with an abuse of discretion for disallowing the request, particularly under the facts of this case.

Appellee obtained the depositions that it deemed necessary for a trial which appellee was entitled to assume would be presented in the normal course of events. Even after appellee knew that appellant had absented himself from the jurisdiction, its attorney propounded interrogatories to appellant in an attempt to determine appellant's activities and employment after the accident he is here suing on, accidents in which he had been involved since the accident which is the basis of this suit, and medical treatment received subsequent to that accident. Obviously, since appellant's attorney did not know appellant's whereabouts, these interrogatories had to go wanting for answers. Under the circumstances, appellee did all that could be expected of it, especially under the well established maxim that defendants of a cause of action are under no duty to force the suit to a trial, and therefore they may remain entirely passive. Crosby v. Di Palma, 141 S.W. 321 (Tex.Civ.App.—El Paso 1911, writ ref'd). Appellee, who was defendant in the trial court, did more than remain passive, as is exemplified by its activity heretofore stated. Appellant's suit sought compensation for permanent and total disability resulting from the accident in which he was involved. His attorney's willingness to proceed to trial on depositions taken more than four years previously, in the complete absence of appellant's personal diligence in prosecuting the case, does not afford appellee an opportunity to gather certain post-accident information—such as subsequent employment, activities, accidents, and aggravation, if any, of injuries for which he is suing—which would be vital to it in properly preparing its defense. Consequently, appellant's failure to prosecute his claim with due diligence, coupled with the possible inequities that would befall appellee in forcing it to trial on stale depositions does not warrant the conclusion

that the trial court abused its discretion in dismissing the case for want of prosecution. Appellant's points of error are overruled.

The judgment of the trial court is affirmed.