COURT OF 
APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-272-CV
  
  
JEROME 
D. BROWN                                                               APPELLANT
  
V.
   
GEORGE 
WALKER BUSH, ET AL.                                              APPELLEES
  
  
------------
 
FROM 
THE 348TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Jerome D. Brown, pro se, sued George Walker Bush and 28 other defendants 
alleging various complaints resulting from his incarceration.  The trial 
court dismissed the suit for want of prosecution because Brown had failed to 
serve any of the 29 defendants.[2]  We affirm.
        On 
December 10, 2002, Appellant filed his petition in the district court.  On 
May 1, 2003, the trial court signed an order stating the case would be dismissed 
for want of prosecution on July 3, 2003 unless service was effected prior to the 
dismissal hearing.  On June 23, 2003, the trial court granted Appellant’s 
request for an extension of time to effect service.  On July 3, 2003, the 
court reset the dismissal hearing for August 7, 2003.  On August 15, 2003, 
the trial court again granted Appellant’s motion for extension of time.  
When none of the defendants were served by September 4, 2003, the court held a 
hearing and dismissed the case for want of prosecution pursuant to Rule 165a of 
the Texas Rules of Civil Procedure and the court’s inherent powers.  See 
Tex. R. Civ. P. 165a.
        In 
his first point on appeal, Appellant contends he did not have funds to pay the 
fees necessary to serve the defendants; therefore, the trial court erred in 
dismissing his suit for want of prosecution.[3]
        A 
trial court has inherent authority to dismiss for want of prosecution cases that 
are not prosecuted with due diligence.  State v. Rotello, 671 S.W.2d 
507, 508-09 (Tex. 1984); Maida v. Fire Ins. Exch., 990 S.W.2d 836, 839 
(Tex. App.—Fort Worth 1999, no pet.).  This authority stems from a trial 
court’s power to maintain and control its docket.  Maida, 990 
S.W.2d at 839; Brim Laundry Mach. Co. v. Washex Mach. Corp., 854 S.W.2d 
297, 301 (Tex. App.—Fort Worth 1993, writ denied) (op. on reh’g).  The 
matter rests in the sound discretion of the trial court.  Bevil v. 
Johnson, 157 Tex. 621, 307 S.W.2d 85, 87 (1957).  It is not an 
unbridled discretion, but a judicial discretion subject to review. Id. 
Upon review, the question is whether there was a clear abuse of discretion by 
the trial court.  Id. To determine whether a trial court abused its 
discretion, we must decide whether the trial court acted without reference to 
any guiding rules or principles; in other words, whether the act was arbitrary 
or unreasonable.  See Carpenter v. Cimarron Hydrocarbons Corp., 98 
S.W.3d 682, 687 (Tex. 2002); Downer v. Aquamarine Operators, Inc., 701 
S.W.2d 238, 241-42 (Tex. 1985), cert. denied, 476 U.S. 1159 (1986).
        It 
is a fundamental tenet of our law that a plaintiff must properly invoke the 
jurisdiction of a trial court by valid service of citation on a defendant.  
Gray v. PHI Res., Ltd., 710 S.W.2d 566, 567 (Tex. 1986).  Upon the 
filing of his petition, Appellant was responsible for obtaining service of the 
citation and a copy of the petition on the defendants.  Tex. R. Civ. P. 99(a); Primate 
Constr., Inc. v. Silver, 884 S.W.2d 151, 153 (Tex. 1994).
        The 
trial court provided Appellant ample opportunity to effect service of citation 
on the defendants in the nine months that the case was on file.  The court 
granted Appellant at least two extensions of time to serve the defendants, and 
twice removed the case from the court’s dismissal docket at Appellant’s 
request.  The record does not reflect any attempt on the part of Appellant 
to effect service of citation on the defendants named in his petition.  
Based upon the facts before us, we cannot say the trial court abused its 
discretion in dismissing Appellant’s suit for want of prosecution.  We 
overrule Appellant’s first point.
        Because 
of our disposition of Appellant’s first point, it is unnecessary for us to 
address Appellant’s points two through five which deal with the merits of his 
alleged claims against the defendants.  See Tex. R. App. P. 47.1.  
We affirm the judgment of the trial court.[4]
 
  
                                                                  PER 
CURIAM
  
 
PANEL 
B:   HOLMAN, GARDNER, and WALKER, JJ.
 
DELIVERED: 
April 15, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Because none of the defendants were served with citation in the trial court, 
they have not entered appearances as appellees in this appeal; therefore, no 
appellees’ brief has been filed.
3.  
Appellant is incarcerated in the Texas Department of Criminal 
Justice—Institutional Division. However, he did not file this suit under 
chapter 14 of the Texas Civil Practice and Remedies Code which permits an inmate 
to file an affidavit or unsworn declaration of inability to pay costs if they 
adhere to certain statutory requirements.  See Tex. Civ. Prac. & Rem. Code Ann. §§ 
14.001-.014 (Vernon 2002).
4.  
We have received the following documents from Appellant: “A People’s 
Indictment” (received March 15, 2004); Appellant’s “Notice To Court Of 
Appellant’s Motion For Leve [sic] To Obtain A Appointment Investigator And 
Order Temporary Relief And Requests For Orders Pursuant To Rule Tex. R. App. P. 15; 52.10; 
10.4" (received March 22, 2004); and “Writ Of Habeas Corpus Ad 
Testificandum Pursuant To 28 U.S.C. § 2241(c)(5)” (received March 22, 
2004).  The Clerk of this Court is directed to file these documents.  
To the extent any of these documents request affirmative relief, all such 
requested relief is denied.