BROWN V. BUSH

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-272-CV

JEROME D. BROWN APPELLANT

V.

GEORGE WALKER BUSH, ET AL. APPELLEES

------------

FROM THE 348TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Jerome D. Brown, pro se, sued George Walker Bush and 28 other defendants alleging various complaints resulting from his incarceration.  The trial court dismissed the suit for want of prosecution because Brown had failed to serve any of the 29 defendants.
(footnote: 2)  We affirm.  

On December 10, 2002, Appellant filed his petition in the district court.  On May 1, 2003, the trial court signed an order stating the case would be dismissed for want of prosecution on July 3, 2003 unless service was effected prior to the dismissal hearing.  On June 23, 2003, the trial court granted Appellant’s request for an extension of time to effect service.  On July 3, 2003, the court reset the dismissal hearing for August 7, 2003.  On August 15, 2003, the trial court again granted Appellant’s motion for extension of time.  When none of the defendants were served by September 4, 2003, the court held a hearing and dismissed the case for want of prosecution pursuant to Rule 165a of the Texas Rules of Civil Procedure and the court’s inherent powers.  
See
 
Tex. R. Civ. P.
 165a.

In his first point on appeal, Appellant contends he did not have funds to pay the fees necessary to serve the defendants; therefore, the trial court erred in dismissing his suit for want of prosecution.
(footnote: 3)  

A trial court has inherent authority to dismiss for want of prosecution cases that are not prosecuted with due diligence.  
State v. Rotello
, 671 S.W.2d 507, 508-09 (Tex. 1984); 
Maida v. Fire Ins. Exch
., 990 S.W.2d 836, 839 (Tex. App.—Fort Worth 1999, no pet.).  This authority stems from a trial court’s power to maintain and control its docket.  
Maida
, 990 S.W.2d at 839; 
Brim Laundry Mach. Co. v. Washex Mach. Corp.
, 854 S.W.2d 297, 301 (Tex. App.—Fort Worth 1993, writ denied) (op. on reh’g).  The matter rests in the sound discretion of the trial court.  
Bevil v. Johnson
, 157 Tex. 621, 307 S.W.2d 85, 87 (1957).  It is not an unbridled discretion, but a judicial discretion subject to review.  
Id.
  Upon review, the question is whether there was a clear abuse of discretion by the trial court.  
Id.
  To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable.  
See Carpenter v. Cimarron Hydrocarbons Corp.,
 98 S.W.3d 682, 687 (Tex. 2002); 
Downer v. Aquamarine Operators, Inc.
, 701 S.W.2d 238, 241-42 (Tex. 1985), 
cert. denied
, 476 U.S. 1159 (1986). 

It is a fundamental tenet of our law that a plaintiff must properly invoke the jurisdiction of a trial court by valid service of citation on a defendant.  
Gray v. PHI Res., Ltd.
, 710 S.W.2d 566, 567 (Tex. 1986).  Upon the filing of his petition, Appellant was responsible for obtaining service of the citation and a copy of the petition on the defendants.  
Tex. R. Civ. P. 99
(a); 
Primate Constr., Inc. v. Silver
, 884 S.W.2d 151, 153 (Tex. 1994).  

The trial court provided Appellant ample opportunity to effect service of citation on the defendants in the nine months that the case was on file.  The court granted Appellant at least two extensions of time to serve the defendants, and twice removed the case from the court’s dismissal docket at Appellant’s request.  The record does not reflect any attempt on the part of Appellant to effect service of citation on the defendants named in his petition.  Based upon the facts before us, we cannot say the trial court abused its discretion in dismissing Appellant’s suit for want of prosecution.  We overrule Appellant’s first point.

Because of our disposition of Appellant’s first point, it is unnecessary for us to address Appellant’s points two through five which deal with the merits of his alleged claims against the defendants.  
See
 
Tex. R. App. P.
 47.1.  We affirm the judgment of the trial court.
(footnote: 4)

PER CURIAM

PANEL B: HOLMAN, GARDNER, and WALKER, JJ.

DELIVERED:  April 15, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Because none of the defendants were served with citation in the trial court, they have not entered appearances as appellees in this appeal; therefore, no appellees’ brief has been filed.

3:
Appellant is incarcerated in the Texas Department of Criminal Justice—Institutional Division.  However, he did not file this suit under chapter 14 of the Texas Civil Practice and Remedies Code which permits an inmate to file an affidavit or unsworn declaration of inability to pay costs if they adhere to certain statutory requirements.  
See
 
Tex. Civ. Prac. & Rem. Code Ann.
 §§ 14.001-.014 (Vernon 2002).   

4:
We have received the following documents from Appellant:  “A People’s Indictment” (received March 15, 2004); Appellant’s “Notice To Court Of Appellant’s Motion For Leve [sic] To Obtain A Appointment Investigator And Order Temporary Relief And Requests For Orders Pursuant To Rule 
Tex. R. App. P.
 15; 52.10; 10.4" (received March 22, 2004); and “Writ Of Habeas Corpus Ad Testificandum Pursuant To 28 U.S.C. § 2241(c)(5)” (received March 22, 2004).  The Clerk of this Court is directed to file these documents.  To the extent any of these documents request affirmative relief, all such requested relief is denied.