# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-09-00259-CV

James E. Harrison, Appellant

v.

Employees Retirement System of Texas, Appellee

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT
NO. D-1-GN-06-001789, HONORABLE GISELA D. TRIANA-DOYAL, JUDGE PRESIDING

M E M O R A N D U M   O P I N I O N

This case involves a dismissal for want of prosecution. Given the 27-month period of inactivity in the case and the evidence of appellant's lack of diligence, we conclude that the district court did not abuse its discretion in dismissing appellant's lawsuit for want of prosecution. We affirm.

On May 19, 2006, appellant James E. Harrison filed suit in Travis County district court. Harrison had injured his knee in 2000, at age 61, while performing leg exercises that, he alleges, were part of a mandatory training session for his position of employment with the Texas Department of Criminal Justice. In 2001, Harrison filed an application with appellee, the Employees Retirement System of Texas ("ERS"), for occupational disability retirement benefits as a result of his injury. The executive director of ERS informed Harrison that his application for benefits was denied. Harrison appealed the denial, and a hearing was held before the State Office

of Administrative Hearings. Following the hearing, the administrative law judge issued a proposal for decision granting Harrison's application for benefits, but the board of trustees of ERS, in March 2006, adopted alternative findings of fact and conclusions of law, and denied Harrison's application. Harrison's district court suit challenges ERS's denial of occupational disability retirement benefits. *See* Tex. Gov't Code Ann. § 815.511(f) (West 2004), § 2001.171 (West 2008). ERS answered in the lawsuit on June 15, 2006.

On September 15, 2008, ERS filed a motion to dismiss Harrison's lawsuit for failure to prosecute his appeal with reasonable diligence. There had been no filings in the case during the 27 months following ERS's answer. After a hearing on the motion to dismiss and the parties' filing post-hearing responses, the district court, on February 13, 2009, ordered the case dismissed in its entirety for want of prosecution. Harrison appeals the dismissal for want of prosecution.

We review a trial court's decision to dismiss a case for want of prosecution under an abuse of discretion standard. *See State v. Rotello*, 671 S.W.2d 507, 508-09 (Tex. 1984) (quoting *Bevil v. Johnson*, 307 S.W.2d 85, 87 (Tex. 1957)). A trial court abuses its discretion when it acts in an arbitrary and unreasonable manner, or when it acts without reference to any guiding rules or principles. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

The district court based its dismissal on both rule 165a of the Texas Rules of Civil Procedure and the court's inherent power to dismiss a case for want of prosecution. A case may be placed on a dismissal docket under rule 165a when it is not disposed of within the time standards promulgated by the supreme court. *See* Tex. R. Civ. P. 165a(2). In addition, a trial court's inherent authority, independent of the rules of procedure, authorizes dismissal when a plaintiff fails

2

to prosecute his case with due diligence. *See Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999). Whether the plaintiff actually intended to abandon the lawsuit is not the inquiry. *See Bevil*, 307 S.W.2d at 88; *Ozuna v. Southwest Bio-Clinical Labs.*, 766 S.W.2d 900, 902 (Tex. App.—San Antonio 1989, writ denied), *overruled on other grounds by Villarreal*, 994 S.W.2d at 633. When the defendant has answered, "the duty devolves on the plaintiff to proceed in prosecuting the suit to a conclusion with reasonable diligence, and whenever a delay of an unreasonable duration occurs, such delay, if not sufficiently explained, will raise a conclusive presumption of abandonment of the plaintiff's suit." *Bevil*, 307 S.W.2d at 87-88 (quoting *Callahan v. Staples*, 161 S.W.2d 489, 491 (Tex. 1942)).

Harrison asserts that the case was delayed for only a short period of time and that most cases involving dismissal for want of prosecution involve much longer periods of time than the time that this matter was inactive. However, the supreme court recommends that district court judges ensure that all non-family-law, nonjury civil cases are brought to trial or final disposition within 12 months from appearance date. Tex. R. Jud. Admin. 6(b)(2), *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. F app. (West Supp. 2009); *see also* Tex. Gov't Code Ann. § 2001.175(e) (West 2008) (court review of administrative decision is nonjury case). Moreover, the 27 months of inactivity in this case is not exceptionally short compared to other cases in which this Court and others have affirmed dismissals for want of prosecution. *See, e.g.*, *Hillin v. Texas Comm'n on Envt'l Quality*, No. 03-07-00122-CV, 2008 Tex. App. LEXIS 2808, at *7-8 (Tex. App.—Austin Apr. 16, 2008, no pet.) (mem. op.) (21 months of inactivity); *Steward v. Colonial Cas. Ins. Co.*, 143 S.W.3d 161, 163, 165 (Tex. App.—Waco 2004, no pet.) (28 months of inactivity); *Bard v. Frank B. Hall &*

3

*Co.*, 767 S.W.2d 839, 843-44 (Tex. App.—San Antonio 1989, writ denied) (eight months of inactivity in 30-month-old case).

Harrison contends that good cause exists to maintain the case on the district court's docket because the case is meritorious. Harrison refers, particularly, to the administrative law judge's proposal for decision that was in his favor, and the split decision by the board of trustees of ERS when it initially considered the case. However, the merits of Harrison's claims are not at issue. Our inquiry focuses, instead, on whether Harrison acted to prosecute his suit with reasonable diligence, or demonstrates good cause for his failure to do so. *See Bevil*, 307 S.W.2d at 87-88; *Steward*, 143 S.W.3d at 165.

Harrison presents his financial difficulties as cause for his 27-month period of inactivity between ERS's answer and the motion to dismiss. According to Harrison, the combination of his retirement from employment in 2001, the denial of occupational disability benefits, and the lengthy administrative appeal process preceding the filing of this lawsuit exhausted his financial resources.[1] For the case to proceed, the administrative record needed to be filed in the district court, *see* Tex. Gov't Code Ann. § 2001.175(b), and Harrison was responsible for the cost of the record's preparation, *see id.* § 2001.177(a) (West 2008).

At the hearing on the motion to dismiss, Harrison's counsel stated that he had "made a lot of phone calls" to ERS to obtain a cost estimate for preparing the record but was unsuccessful. The district court provided Harrison eight days to file a response to the motion with the court,

---

[1] Harrison alleges that his counsel "fronted" the funds required to pay the filing fee for the petition for review.

4

specifically so that he could provide any documentation of telephone calls or letters that show his efforts. Such a response was provided.[2] Attached to the response were records indicating that a letter to the attorney general's office requesting preparation of the record was drafted on October 6, 2006, and that a phone inquiry to ERS was made on February 12, 2007. However, there was no evidence that the letter was, in fact, sent. ERS replied with both (1) an affidavit by a legal assistant in the attorney general's office stating that they had no copy of the letter or notation of its receipt in their records, despite the policy that receipt of such a letter be documented in internal records; and (2) an affidavit by a legal assistant at ERS stating that there were no records of a telephone call in 2007 regarding the case, despite ERS's policy that any such telephone inquiries be documented in internal records. After the district court granted ERS's motion to dismiss, Harrison filed a motion to reinstate.[3] The motion to reinstate makes no reference to either the October 2006 letter or the February 2007 telephone call. Harrison's counsel avers only that "despite numerous telephone calls, a dollar amount for the record could not be obtained," and "I was unable to obtain even an estimate from [ERS]."

At least one Texas court of appeals has held that the inability to pay a particular attorney is not a sufficient excuse for failing to exercise due diligence. *See Christian v. Christian*, 985 S.W.2d 513, 515 (Tex. App.—San Antonio 1998, no pet.). Even if we were to take into consideration Harrison's alleged financial difficulties, there is no evidence relevant to his finances

---

[2] This written response is not in the record. However, ERS filed a reply that discusses the response and its attachments.

[3] Harrison has not appealed the district court's denial of his motion to reinstate.

5

other than general statements made in his counsel's affidavit.[4]  Harrison has not filed an affidavit of indigency, *see* Tex. R. Civ. P. 145, nor any other documentation describing his financial state.  *See MacGregor v. Rich*, 941 S.W.2d 74, 75-76 (Tex. 1997) (affirming dismissal for want of prosecution where plaintiffs attributed delay, in part, to bankruptcy proceedings but offered no evidence that the proceedings interfered with suit's prosecution).  After filing the petition in district court, Harrison contends that the next step requiring funds was the preparation of the record, but there is little evidence of efforts taken even to determine what amount was required.

Following ERS's filing of its motion to dismiss, Harrison forwarded $1,000 to his attorney so that the administrative record could be ordered.  Although Harrison advanced funds for obtaining the record, made efforts to request preparation of the record in December 2008, and claims to be ready and willing to move forward at trial, none of this activity occurred until after ERS filed its motion to dismiss for want of prosecution.  Moreover, even after such motion to dismiss was filed, there is no evidence of any attempt by Harrison to initiate the preparation of the record until December 12, 2008, almost three months later.[5]  Even if efforts were taken to obtain the record, or a cost estimate, in October 2006 and February 2007—the only times identified in the record in which Harrison may have made such efforts in the 27 months preceding ERS's motion to dismiss—there

---

[4]  There is no affidavit in the record or any other testimony from Harrison himself.

[5]  Upon receiving Harrison's request, the attorney general's office responded with a letter on December 19, 2008, stating that a hearing on the motion to dismiss needed to be set, and that before a copy of the administrative record could be made, the office needed to know which specific transcripts were requested.  Harrison did not respond, asserting that it "made little sense to order the record until after the conclusion of that hearing."

6

is still a 22-month period, from February 2007 to December 2008, without any activity by Harrison in the case.

        While we agree that Harrison was reasonably diligent in prosecuting this matter through the administrative process, such diligence ceased once his petition for judicial review was filed. Although there is evidence that following the filing of the motion to dismiss Harrison was prepared to recommence such diligence, this evidence does not explain or alleviate the lack of diligence prior to the motion to dismiss. Given the length of delay in the case, for which Harrison's only explanation is his unsupported allegations of financial difficulties, we cannot say that the district court abused its discretion in granting the motion to dismiss for want of prosecution. We affirm the dismissal.

_____

G. Alan Waldrop, Justice

Before Chief Justice Jones, Justices Waldrop and Henson

Affirmed

Filed: July 1, 2010