In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00086-CV

                                                ______________________________

 

 

                                         ALLEN BEASLEY,
Appellant

 

                                                                V.

 

                           KENNETH R. THOMPSON, ET AL., Appellees

 

 

                                                                                                  


 

 

                                      On Appeal from the 102nd
Judicial District Court

                                                             Bowie County, Texas

                                                      Trial Court No. 07C0321-102

 

                                                    
                                              

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                      MEMORANDUM OPINION

 

            Allen
Beasley filed an illegible handwritten petition alleging tort claims against
certain “Department of the Telford Unit And Its Employees.”  The following day, the trial court returned
the petition to Beasley and asked him to file a legible, preferably type set
petition to allow the court to “give proper consideration to any allegations
therein.”  On March 16, 2007, Beasley
filed a handwritten “motion for memorandum of law” and application to proceed in forma pauperis.  These were the only documents in the file
until the trial court’s notice of dismissal for want of prosecution three years
later.   The case was dismissed on July
16, 2010.  Now, Beasley challenges the
trial court’s decision to dismiss his case. 


            We review the
trial court’s decision to dismiss Beasley’s case for want of prosecution under
a clear abuse of discretion standard.   See State v. Rotello, 671 S.W.2d 507,
508–09 (Tex. 1984) (quoting Bevil v.
Johnson, 157 Tex. 621, 307 S.W.2d 85, 87 (1957)); Fox v. Wardy, 234 S.W.3d 30, 32 (Tex. App.—El Paso 2007, pet. dism’d
w.o.j.).  A trial court abuses its
discretion when it acts in an arbitrary and unreasonable manner, or when it
acts without reference to any guiding rules or principles.  Downer
v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985).  A trial court’s inherent authority,
independent of the rules of procedure, authorizes dismissal when a plaintiff
fails to prosecute his or her case with due diligence.  See
Villarreal v. San Antonio Truck & Equip., 994 S.W.2d 628, 630 (Tex.
1999).  

            Beasley’s
inadequate pro se brief fails to provide any reasoning or law suggesting that
the trial court abused its discretion. 
Instead, he merely recites facts relating to the merits of his
case.  We conclude Beasley did not
prosecute his case with due diligence. 
Despite the court’s instructions, he failed to file a legible petition,
there is no evidence demonstrating that Beasley attempted to serve any of the
named defendants, requested a trial setting, or took any other action in this
matter for approximately three years.   

            We affirm
the trial court’s judgment.  

 

 

 

                                                                                    Jack
Carter

                                                                                    Justice

 

Date Submitted:          October
4, 2010          

Date Decided:             October
5, 2010