

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-10-00086-CV

_____

ALLEN BEASLEY, Appellant

V.

KENNETH R. THOMPSON, ET AL., Appellees

On Appeal from the 102nd Judicial District Court
Bowie County, Texas
Trial Court No. 07C0321-102

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Allen Beasley filed an illegible handwritten petition alleging tort claims against certain "Department of the Telford Unit And Its Employees." The following day, the trial court returned the petition to Beasley and asked him to file a legible, preferably type set petition to allow the court to "give proper consideration to any allegations therein." On March 16, 2007, Beasley filed a handwritten "motion for memorandum of law" and application to proceed *in forma pauperis*. These were the only documents in the file until the trial court's notice of dismissal for want of prosecution three years later. The case was dismissed on July 16, 2010. Now, Beasley challenges the trial court's decision to dismiss his case.

We review the trial court's decision to dismiss Beasley's case for want of prosecution under a clear abuse of discretion standard. *See State v. Rotello*, 671 S.W.2d 507, 508–09 (Tex. 1984) (quoting *Bevil v. Johnson*, 157 Tex. 621, 307 S.W.2d 85, 87 (1957)); *Fox v. Wardy*, 234 S.W.3d 30, 32 (Tex. App.—El Paso 2007, pet. dism'd w.o.j.). A trial court abuses its discretion when it acts in an arbitrary and unreasonable manner, or when it acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc*., 701 S.W.2d 238, 241-42 (Tex. 1985). A trial court's inherent authority, independent of the rules of procedure, authorizes dismissal when a plaintiff fails to prosecute his or her case with due diligence. *See Villarreal v. San Antonio Truck & Equip*., 994 S.W.2d 628, 630 (Tex. 1999).

Beasley's inadequate pro se brief fails to provide any reasoning or law suggesting that the

2

trial court abused its discretion. Instead, he merely recites facts relating to the merits of his case. We conclude Beasley did not prosecute his case with due diligence. Despite the court's instructions, he failed to file a legible petition, there is no evidence demonstrating that Beasley attempted to serve any of the named defendants, requested a trial setting, or took any other action in this matter for approximately three years.

We affirm the trial court's judgment.


Jack Carter
Justice


Date Submitted:      October 4, 2010
Date Decided:        October 5, 2010

3